UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
00-2393(DSD/JMM)

Martha Ramos and Bartholomew Ramos, individually and as parents and natural guardians of Estevan Ramos,

Plaintiffs,

v.

**ORDER**

Mark D. Ahlquist, M.D., and Prairie Family Practice of Renville County, P.A., Carl A. Brown, M.D. and Ear, Nose & Throat Specialty Care of Minnesota, P.A.,

Defendants.

Mark N. Stageberg, Esq. and Stageberg Law Office, 5101 Thimsen Avenue, Suite 201, Minnetonka, MN 55345, counsel for plaintiffs.

J. Richard Blanchard, Esq. and Meagher & Geer, 4200 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402, counsel for defendants Ahlquist and Prairie Family Practice.

Barry G. Vermeer, Esq. and Gislason & Hunter, Suite 215E Bren Road East, P.O. Box 5297, Minnetonka, MN 55343, counsel for defendants Brown and Ear, Nose & Throat Specialty Care of Minnesota.

This matter is before the court on a motion for summary judgment by defendants Mark D. Ahlquist and Prairie Family Practice of Renville County, P.A.'s ("Ahlquist"). In their complaint, plaintiffs bring claims of medical malpractice against defendants. After a period of discovery, defendant Ahlquist now moves for

FILED 1-29-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

summary judgment contending that any pending claims of malpractice are barred as a matter of law under the doctrine of superseding cause. Plaintiffs oppose the motion asserting that the doctrine of superseding cause does not apply here and that a material issue of fact exists as to causation.

After carefully reviewing the parties' arguments and the record, the court concludes that plaintiffs have introduced substantial evidence on critical fact issues. Moreover, viewing the record in the light most favorable to the nonmoving party, as is required under Fed. R. Civ. P. 56, the court concludes that genuine issues of material fact exist as to plaintiffs' claims against defendant Ahlquist. Summary judgment is therefore inappropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In particular, the court notes that the determination of proximate cause and superseding cause are generally questions of fact that only become questions of law where reasonable minds can arrive at only one conclusion as to their existence or non-existence. See Lennon v. Pieper, 411 N.W.2d 225, 227 (Minn. Ct. App. 1987) ("[p]roximate cause and superseding, intervening cause ... become questions of law only where reasonable minds can arrive at only one conclusion..."); Vanderweyst v. Langford, 303 Minn. 575, 576, 228 N.W.2d 271, 272 (1975). Here, the court cannot conclude that reasonable minds could not differ upon the issue of

causation. Put differently, since reasonable minds could differ upon the issue of whether the subsequent alleged negligence of the other defendants was a superseding or concurring cause of the harm that ultimately occurred, the court cannot grant summary judgment.[1] See Sowado v. Motzko, 98 N.W.2d 182, 187 (Minn. 1959) ("[w]hether the natural connection of events was maintained, or was broken by such new, independent cause, is generally a question for the jury.").

Furthermore, the court believes that there exists a material question of fact as to the question of foreseeability. Sowada, 98 N.W.2d at 402. Where a subsequent negligent act is a normal, foreseeable consequence of the original act, the subsequent act cannot be considered to be a superseding cause. See Wartnick v.

---

[1] The court also notes that the determination of whether or not to accept an expert opinion of causation is also an issue for the jury. See Sandhofer v. Abbott-Northwestern Hosp., 283 N.W.2d 362, 367 (Minn. 1979). While the court is not entirely convinced that plaintiffs' expert John J. Salchert, M.D. is qualified to testify to ascertain the appropriate standard of care for the medical procedure by which a foreign object is extracted from the lungs by means of a bronchoscopy, the court does believe that Dr. Salchert is qualified to testify as an expert to evaluate the significant contributing factors that may or may not have resulted from the delay in diagnosis of the foreign body aspiration, particularly as they may or may not have contributed to the lung collapse, cardiac arrest, and subsequent brain damage sustained by plaintiff. (See Mark N. Stageberg Aff., Ex. A, ¶ 9.) Thus, Salchert may qualify as an expert to offer testimony as to whether Ahlquist deviated from the appropriate standard of care by failing to initially diagnose the blocked airway and whether this delay caused "a gradual but precipitous decline in the oxygen saturation and made the child more vulnerable to respiratory or cardiac arrest." (Id.)

Moss & Barnett, 490 N.W.2d 108, 113 (Minn. 1992). Here, the court believes that plaintiff has raised material questions of fact as to the determination of reasonable foreseeability as to avoid summary judgment.

Accordingly, since the court concludes that summary judgment is inappropriate, **IT IS HEREBY ORDERED** that defendant Ahlquist's motion [Docket No. 20] is denied.

Dated: January 29, 2002

David S. Doty, Judge
United States District Court